# Kennedy *versus* Ross.

Where a mortgage dated 21st September, 1853, recited, that it was given to secure to R. the payment of a bond of the same date, in the penal "sum of $3000, conditioned for the payment of $1500, in three annual payments, with interest thereon from the 1st of May, 1853, together with other conditions as therein more fully set forth;" and in case of default of payment for *thirty days,* authorizing the mortgagee to sue out a *scire facias : Held,*

1st. That the condition of the bond recited in the mortgage could be resorted to in giving a construction to the condition in the mortgage, to ascertain the time when the annual payments matured.

2d. That the first instalment matured on the 1st day of May, 1854, and that *scire facias,* issued on the mortgage on the 3d day of June, 1854, was not prematurely sued out.

3d. That the Court might enter judgment for want of an affidavit of defence, although no copy of the bond or its condition had been filed.

Error to the District Court of *Allegheny county.*

This was a *scire facias sur mortgage,* dated September 21, 1853, brought on the 3d day of June, 1854, by the mortgagee, Ross, against Kennedy and his wife, as mortgagors. No affidavit or statement of claim, or copy of the bond secured by the mortgage, was filed. There was nothing to designate the character and amount of the plaintiffs' claim, except the usual reference to the record of the mortgage, recorded in the Recorder's Office of Allegheny county, in the Mortgage Book, volume 25, page 165. The mortgage, as correctly recited in the writ, purports to have been executed on the 21st day of September, 1853, by Kennedy and his wife to Ross, to secure upon the property of Mrs. Kennedy

[Kennedy v. Ross.]

the payment of her husband's bond in Ross's favour of even date therewith, in the penal "sum of $3000 conditioned for the payment of $1500 in three annual payments, with interest thereon from the 1st day of May, 1853, together with other conditions as therein more fully set forth." It is further provided in the mortgage that "in case of default in the payment of the principal sums and interest as aforesaid, or any part thereof, for the space of thirty days from the time they or any of them shall become due, thereupon it shall be lawful for the said mortgagee, or his legal representatives, to sue out forthwith a writ or writs of *scire facias*, upon the present indenture of mortgage, with the same force and effect as if twelve months next ensuing the last days wherein the principal money hereby secured ought to be paid according to the condition of the above recited obligation, had fully run out and expired, any usage or practice to the contrary notwithstanding."

On the 5th of June, 1854, the writ of *scire facias* was returned "served on defendant by a copy left at his residence with his wife." On the 9th of December, judgment was entered in default of an appearance and affidavit of defence, and a *levari facias* issued, upon which the property was advertised. A rule was obtained to show cause why the judgment should not be set aside. The Court granted leave to the sheriff to amend the return of service, but made the rule absolute, and set aside the judgment. The plaintiff afterwards obtained a rule on the defendant to show cause why judgment should not be entered for want of an affidavit of defence. This rule was made absolute on the 3d day of March, 1855, and the amount liquidated at $1485.53. The following was the condition of the bond, to secure the payment of which the mortgage had been given:—

"That if the above bounden Benjamin Kennedy, his heirs, executors, administrators, and assigns, do well and truly pay or cause to be paid unto the said Jonathan P. Ross, his certain attorney, heirs, executors, administrators, or assigns, the sum of $1500, with interest from the 1st day of May last, in three equal annual instalments *from that date, interest payable on the whole sum annually*, without any fraud or further delay, then this obligation to be void; otherwise to remain in full force and virtue."

The defendants sued out this writ, and assigned the following errors:

1. The Court erred in entering judgment in favour of the plaintiff, inasmuch as by his own showing, the first annual payment of the debt, secured by the mortgage, was not due until the 21st of September, 1854, and he therefore had no cause of action on the 3d June, 1854, the date of the impetration of his writ.

2. The mortgage having been given on the 21st September, 1853,

[Kennedy *v.* Ross.]

to secure a bond of same date, "conditioned for the payment of $1500, in three annual payments, with interest from the 1st day of May, 1853," no default had occurred to authorize the issuing of the writ of *sci. fa.* on the 3d of June, 1854, and the Court therefore erred in entering judgment for the plaintiff, for want of an affidavit of defence.

*Penney* and *Sterrett*, for plaintiff in error.—The plaintiff having filed no affidavit or statement of claim, or copy of the bond secured by the mortgage, there was nothing, except the recital in the writ and mortgage referred to, by which the nature and amount of his claim could be determined; and by reference to these recitals, it is manifest that no payment of either principal or interest was due at the time the writ was issued, and for nearly four months thereafter. By the terms of the bond, recited in the mortgage and writ, the first annual instalment was not due until the 21st September, 1854. If, therefore, the plaintiff, on his own showing, had no cause of action against the defendants when he brought suit, it would certainly have been a work of supererogation on their part to file an affidavit of defence. In the case of Thomas *v.* Shoemaker, 6 *W. & Ser.* 183, suit was brought on a negotiable note, before the last day of grace had expired, and judgment was entered, for want of a sufficient affidavit of defence; and, on error to this Court, where the objection was first raised, it was held that it was error in the Court below to enter judgment in favour of a plaintiff, who, by his own showing, had no cause of action at the time he commenced suit.

*Selden*, for defendant in error.—The condition of the bond is never fully copied in the mortgage. In this case the filing the deposition of Mr. Robb with the copy of the bond, fully explains any ambiguity that might be conceived in the phraseology of the reference to it in the mortgage. And the simple question is, and should be, was there *actually* a default at the time of issuing the *sci. fa.* A default occurred May 1. In thirty days from that time the mortgagee had a right to issue a *sci. fa.* It was not issued till June 3, 1854, and consequently after the expiration of the thirty days.

The opinion of the Court was delivered by

WOODWARD, J.—Whether the *scire facias* issued by the plaintiff, on the 3d June, 1854, disclosed any cause of action, depended on the construction to be given to the phraseology in which the conditions of the mortgage were expressed; and this, judged by itself, was very obscure; but the accompanying bond, which may be properly resorted to for purposes of construction, clears up all doubt on the point. It is there provided that the $1500, with interest from

[Kennedy v. Ross.]

the 1st day of May last, is to be paid in three equal annual instalments *from that date*, interest payable on the whole sum annually. That date, first of May last, was first of May, 1853; and consequently, on the first May, 1854, an instalment of the principal and all the interest fell due. Thirty days thereafter, by virtue of the conditions in the mortgage, the plaintiff was entitled to his *scire facias*; and hence his writ, sued out June 3, 1854, was not premature, but after cause of action accrued. Construing the terms in the mortgage agreeably to those in the bond, the *sci. fa.* disclosed a good cause of action, and the defendants should have put in an affidavit of defence if they had any to allege.

The judgment is affirmed.